J. A15019/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :      IN THE SUPERIOR COURT OF
                                                 :            PENNSYLVANIA
                   v.                        :
                                                   :
ROBIN DWAYNE SMITH,                :          No. 1927 MDA 2017
                                                   :
                 Appellant             :

Appeal from the Judgment of Sentence, November 15, 2017,
in the Court of Common Pleas of Franklin County
Criminal Division at No. CP-28-CR-0001098-2016

BEFORE: PANELLA, J., MURRAY, J., AND FORD ELLIOTT, P.J.E.

DISSENTING MEMORANDUM STATEMENT BY FORD ELLIOTT, P.J.E.:

**FILED AUGUST 29, 2018**

I respectfully dissent from the majority's disposition in this matter. Although I agree that there exists ample support for the trial court's determination that Officer Lynch possessed the requisite probable cause to stop appellant's vehicle, based upon a violation of 75 Pa.C.S.A. § 3111(a), my review of the record simply does not support the majority's conclusion that appellant voluntarily consented to the blood draw. Quite the contrary, there are a number of factors in this case that weigh against a finding of voluntariness, including: the fact that appellant was placed in handcuffs when he was transported to the hospital; was under arrest at the time of the blood draw; and was not read a DL-26 form informing him of his right to refuse a blood draw. Our supreme court has held that,

> [i]n determining the validity of a given consent, the Commonwealth bears the burden of establishing that a consent is the product of an essentially free and unconstrained choice—not the result of duress or coercion, express or implied, or a will overborne—under the totality of the circumstances. The standard for measuring the scope of a person's consent is based on an objective evaluation of what a reasonable person would have understood by the exchange between the officer and the person who gave the consent. Such evaluation includes an objective examination of the maturity, sophistication and mental or emotional state of the defendant. Gauging the scope of a defendant's consent is an inherent and necessary part of the process of determining, on the totality of the circumstances presented, whether the consent is objectively valid, or instead the product of coercion, deceit, or misrepresentation.

*Commonwealth v. Smith*, 77 A.3d 562, 573 (Pa. 2013) (internal citations, quotation marks, and brackets omitted).

Based on the totality of circumstances, I do not believe that a reasonable person in appellant's position would have understood that they were voluntarily consenting to a blood draw by simply choosing to remain silent. As such, without appellant's consent and without a warrant, appellant's blood draw was an unlawful search under both the Fourth Amendment to the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution. Accordingly, I would find that the trial court erred in denying appellant's motion to suppress the results of his blood alcohol test.